IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN MONTGOMERY,                              )
                                               )
          Plaintiff,                           )
                                               )
vs.                                            )
                                               )     No: _____
CARIBE TRANSPORT II, LLC,                      )
YOSNIEL VARELA-MOJENA,                         )
C.H. ROBINSON WORLDWIDE, INC.,                 )
C.H. ROBINSON COMPANY,                         )
C.H. ROBINSON COMPANY, INC.,                   )
C.H. ROBINSON INTERNATIONAL, INC.,             )
and CARIBE TRANSPORT, LLC.                     )
                                               )
          Defendants.                          )
                                               )
                                               )
**Serve:**                                     )
                                               )
CARIBE TRANSPORT II, LLC                       )
c/o Luis Lopez, Member                         )
20216 Merry Oak Avenue                         )
Tampa, Florida 33647                           )
                                               )
YOSNIEL VARELA-MOJENA                          )     **PLAINTIFF DEMANDS TRIAL BY JURY**
1041 North Mill Road                           )
Vineland, New Jersey 08360                     )
                                               )
C.H. ROBINSON WORLDWIDE, INC.                  )
c/o Corporation Service Company                )
801 Adlai Stevenson Drive                      )
Springfield, Illinois 62703                    )
                                               )
C.H. ROBINSON COMPANY                          )
c/o Corporation Service Company                )
801 Adlai Stevenson Drive                      )
Springfield, Illinois 62703                    )
                                               )
C.H. ROBINSON COMPANY, INC.                    )
c/o Corporation Service Company                )
801 Adlai Stevenson Drive                      )
Springfield, Illinois 62703                    )
                                               )

Case No. _____

C.H. ROBINSON INTERNATIONAL, INC.  )
c/o Corporation Service Company        )
801 Adlai Stevenson Drive               )
Springfield, Illinois 62703              )
                                            )
CARIBE TRANSPORT, LLC,            )
c/o Luis Lopez, Registered Agent       )
20216 Merry Oak Avenue                )
Tampa, Florida 33647                    )

## COMPLAINT

COMES NOW Plaintiff, SHAWN MONTGOMERY, through his undersigned attorneys, and for his Complaint herein states the following:

## PRELIMINARY STATEMENT

1.      This is an action for personal injuries which Plaintiff Shawn Montgomery sustained in a December 7, 2017 collision between a 1995 Freightliner tractor and trailer driven by Defendant Yosniel Varela-Mojena and Plaintiff's 2015 Mack Truck on westbound Interstate Highway 70 in Cumberland County, Illinois.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

3.      At all times relevant herein, Plaintiff Shawn Montgomery was a citizen of the State of Missouri.

4.      At all times relevant herein, Defendant Caribe Transport II, LLC (hereinafter referred to as "Caribe II") was a for-profit limited liability company organized in the State of Indiana with a principal place of business located in the State of Indiana and which conducted business in the State

of Indiana as an interstate motor carrier subject to Federal Motor Carrier Safety Regulations (FMCSR) promulgated by the Federal Motor Carrier Safety Administration (FMCSA), U.S. Department of Transportation (USDOT).

5.      Upon information and belief, at all times relevant herein, the sole members of Caribe II were Cristina Parra, a citizen of the State of Indiana, and Louis Lopez, a citizen of the State of Florida.

6.      Upon information and belief, at all times relevant herein, Defendant Yosniel Varela-Mojena was a citizen of the State of New Jersey.

7.      Upon information and belief, at all times relevant herein, C.H. Robinson Worldwide, Inc. was a Delaware corporation with its principal place of business located in the State of Minnesota.

8.      Upon information and belief, at all times relevant herein, C.H. Robinson Company was a Delaware corporation with its principal place of business located in the State of Minnesota.

9.      Upon information and belief, at all times relevant herein, C.H. Robinson Company, Inc. was a Minnesota corporation with its principal place of business located in the State of Minnesota.

10.      Upon information and belief, at all times relevant herein, C.H. Robinson International, Inc. was a Minnesota corporation with its principal place of business located in the State of Minnesota.

11.      C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company, Inc., and C.H. Robinson International shall hereinafter be referred to as "the C.H. Robinson Defendants" collectively.

12.      At all times relevant herein, Defendant Caribe Transport, LLC (hereinafter referred to as "Caribe I") was a for-profit limited liability company organized in the State of Florida with a principal place of business in the State of Florida and which conducted business in the State of Florida as an interstate motor carrier subject to FMCSRs promulgated by the FMCSA, USDOT.

13.     Upon information and belief, at all times relevant herein, the sole members of Defendant Caribe I were Yoandra Perez, a citizen of the State of Florida, and Luis Lopez, a citizen of the State of Florida.

## VENUE

14.     Venue in this action properly lies in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. 1391 (b) because a substantial part of the events or omissions giving rise to the claim at issue herein occurred in the Southern District of Illinois as the collision at issue occurred in Cumberland County, Illinois.

## FACTS COMMON TO ALL COUNTS

15.     At all times relevant herein, Defendant Caribe I was a "motor carrier" operating a trucking business under USDOT number 2417946 and MC number 832607.

16.     At all times relevant herein, Defendant Caribe I was licensed pursuant to, and was required to operate all aspects of its trucking business in accordance with 49 CFR 379, *et seq.*

17.     At all times relevant herein, Defendant Caribe II was a "motor carrier" operating a trucking business under USDOT number 2844870 and MC number 953595.

18.     At all times relevant herein, Defendant Caribe II was licensed pursuant to, and was required to operate all aspects of its trucking business in accordance with 49 CFR 379 *et seq.*

19.     At all times relevant herein, the C.H Robinson Defendants were operating as an interstate motor carrier broker with United States Department of Transportation (USDOT) authority, and, for a fee, provided their customers with motor carriers for the shipment of goods.

20.     On December 7, 2017, upon information and belief, Defendant Caribe II owned the tractor that Defendant Varela-Mojena was driving, and Defendant Caribe I leased the trailer that was being pulled by the tractor.

21.     The tractor-trailer being operated by Defendant Varela-Mojena on December 7, 2017 was a "commercial motor vehicle" as defined by 49 CFR 390.5.

22.     While it was dark on December 7, 2017, Defendant Varela-Mojena was operating his tractor-trailer westbound on Interstate Highway 70 in Cumberland County, Illinois when he caused his tractor-trailer to leave the marked roadway.

23.     Defendants' tractor-trailer then collided with the rear of Plaintiff Montgomery's tractor-trailer at a high rate of speed thereby causing Plaintiff to sustain severe and permanent personal injuries and other damages, including, but not limited to, amputation of Plaintiff's leg.

24.     The aforesaid collision was a "preventable accident" as that phrase is defined by the Federal Motor Carrier Safety Act Regulations (FMCSR) 49 CFR 385 Appendix B Section II B (e) which states that, "If a driver, who exercises normal judgment and foresight could have foreseen the possibility of the accident that in fact occurred, and avoided it by taking steps within his/her control which would not have risked causing another kind of mishap, the accident was preventable."

## COUNT I
## (NEGLIGENCE OF CARIBE II)

25.     Plaintiff re-states and re-alleges paragraphs 1 through 24 of this Complaint as if specifically stated herein.

26.     The allegations contained in this count are made in the alternative to the allegations made in Counts VII and VIII of this Complaint.

27.     Upon information and belief, Defendant Varela-Mojena was an agent or employee of Defendant Caribe II when he was driving his commercial motor vehicle on December 7, 2017.

28.     At all times relevant herein, the Defendant Caribe II owed a duty to Plaintiff and others upon the roadways to act in a reasonably careful manner and to prevent foreseeable crashes so as to not injure or damage the persons or property of Plaintiff and others.

29.     On December 7, 2017 and prior thereto, Defendant Caribe II, independently and through its agents and employees, breached its aforesaid duty to Plaintiff in one or more of the following respects:

A.      Negligently and carelessly failed to properly supervise Varela-Mojena; and/or

B.      Negligently and carelessly required Varela-Mojena to drive a route with distances and time restrictions which resulted in Varela-Mojena operating the commercial motor vehicle in violation of the FMCSR; and/or

C.      Negligently and carelessly coerced Varela-Mojena to operate the commercial motor vehicle in violation of the FMCSR in violation of 49 CFR 390.6(a) and (b); and/or

D.      Negligently and carelessly permitted, allowed, coerced or forced Varela-Mojena to operate the commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

E.      Negligently and carelessly required or permitted Varela-Mojena to operate the commercial motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

F.      Negligently and carelessly failed or refused to require Varela-Mojena to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

G.      Was negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 379 *et seq*; and/or

H.      By and through its agent or employee Varela-Mojena, it negligently and carelessly failed to maintain the commercial motor vehicle in its own lane of traffic; and/or

I.      By and through its agent or employee Varela-Mojena, it negligently and carelessly drove its commercial motor vehicle onto the shoulder without the

intention of stopping or accelerating from a stop to merge into traffic in violation of 625 ILCS 5/11-709.1; and/or

J.    By and through its agent or employee Varela-Mojena, it negligently and carelessly failed to keep a proper lookout for other vehicles; and/or

K.    By and through its agent or employee Varela-Mojena, it operated Defendant's commercial motor vehicle at an excessive speed considering the conditions; and/or

L.    By and through its agent or employee Varela-Mojena, it failed to reduce speed to avoid colliding with another vehicle; and/or

M.    By and through its agent or employee Varela-Mojena, it operated a commercial motor vehicle on an interstate while being distracted and/or excessively tired or fatigued.

30.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, on December 7, 2017, Defendant Caribe II's commercial motor vehicle collided with Plaintiff Montgomery's commercial motor vehicle which caused, and will in the future cause Plaintiff: severe, numerous, and permanent personal injuries and pain and suffering as a result of multiple injuries to his body, including but not limited to, amputation of Plaintiff's leg; loss of Plaintiff's normal life and/or disability; to obtain past and future medical, caretaking, and other health care to treat his injuries and thereby become indebted for same; permanent disfigurement; past and future loss of income, wages, and benefits Plaintiff would have otherwise received; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Shawn Montgomery respectfully requests that judgment be entered against Defendant Caribe Transport II, LLC on Count I of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus Plaintiff's costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Case No. _____

## COUNT II
## (WILLFUL AND WANTON CONDUCT OF CARIBE II)

31.     Plaintiff restates and re-alleges paragraphs 1 through 24 of this Complaint as if specifically re-stated herein.

32.     The allegations contained in this count are made in the alternative to the allegations made in Counts VII and VIII of this Complaint.

33.     At all times relevant herein, as an "interstate motor carrier" under the jurisdiction of the Federal Motor Carrier Safety Regulations (FMCSR), 49 CFR 379 *et seq.*, when operating commercial motor vehicles, Defendant Caribe II was required to comply with said regulations so as to not endanger pedestrians and members of the driving public, including but not limited to Plaintiff Shawn Montgomery.

34.     At all times relevant herein, on December 7, 2017 and prior thereto, Caribe II, by and through its management, knew that it had entrusted to Varela-Mojena's control a commercial motor vehicle on the public roadways which operated at high speeds and weighed in excess of 60,000 pounds.

35.     At all times relevant herein, on December 7, 2017 and prior thereto, Defendant Caribe II, by and through its management, knew that the failure or refusal of its management, agents or employees to comply with the FMCSRs and Illinois Administrative Code could cause and result in great bodily harm or death to pedestrians and members of the driving public, including but not limited to, Plaintiff Montgomery.

36.     On December 7, 2017 and on many occasions prior thereto, Defendant Caribe II, by and through its management, acted with willful, wanton, conscious, and/or reckless disregard for the safety of Plaintiff and other members of the driving public in one or more of the following ways:

A.    Consciously, willfully or recklessly permitted or caused Varela-Mojena to operate Caribe II's commercial motor vehicle on the roadways despite knowing his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

B.    Consciously, willfully or recklessly hired and retained Varela-Mojena as the operator of Caribe II's commercial motor vehicles despite not having adequately and properly investigated, and subsequently and timely reassessed, Varela-Mojena's background, driving history, qualifications, and medical ability to drive in violation of 49 CFR 391 *et seq.*; and/or

C.    Consciously, willfully or recklessly retained Varela-Mojena as an employee and commercial motor vehicle operator despite Varela-Mojena having been involved in previous motor vehicle crashes and/or received motor vehicle citations; and/or

D.    Consciously, willfully or recklessly required Varela-Mojena to drive Caribe II's commercial motor vehicle on a route with distances and time restrictions which resulted in Varela-Mojena operating the commercial motor vehicle in violation of the FMCSR; and/or

E.    Consciously, willfully or recklessly failed or refused to train Varela-Mojena in the proper and safe operation of its commercial motor vehicles on the roadways; and/or

F.    Consciously, willfully or recklessly coerced Varela-Mojena to operate Caribe II's commercial motor vehicle in violation of the FMCSR in violation of 49 CFR 390.6(a) and (b); and/or

G.    Consciously, willfully or recklessly permitted, allowed, coerced or forced Varela-Mojena to operate Caribe II's commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

H.    Consciously, willfully or recklessly failed or refused to require Varela-Mojena to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

I.    Consciously, willfully or recklessly authorized or directed the manner in which Varela-Mojena operated Caribe II's commercial motor vehicle in the manner which caused  injury to Montgomery; and/or

J.    Consciously, willfully or recklessly aided, abetted, encouraged or required its employees to violate the FMCSR in violation of 49 CFR 390.13.

37.    In one or more of the foregoing ways, on December 7, 2017, Defendant Caribe II, by and through its management and supervisors, acted in willful, wanton, reckless and/or conscious disregard for the safety of the driving public thereby causing severe and permanent injury to Plaintiff Montgomery on December 7, 2017 which thereby requires the imposition of compensatory and punitive or exemplary damages against Defendant Caribe II in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) to compensate Plaintiff and to punish Defendant Caribe II and discourage Defendant and others from future wrongful conduct.

WHEREFORE, Plaintiff Shawn Montgomery respectfully requests that a judgment be entered against Defendant Caribe Transport II, LLC on Count II of this Complaint for compensatory damages and punitive and exemplary damages in an amount sufficient to punish and deter Defendant Caribe Transport II, LLC and others from like and similar conduct, plus Plaintiff's costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**
**(NEGLIGENCE OF VARELA-MOJENA)**

38.    Plaintiff restates and re-alleges paragraphs 1 through 24 of this Complaint as if specifically stated herein.

39.    At all times relevant herein, the Defendant Varela-Mojena owed a duty to Plaintiff and others upon the roadways to act in a reasonably careful manner and to prevent foreseeable crashes so as to not injure or damage the persons or property of Plaintiff and others.

40.    On December 7, 2017 and prior thereto, Defendant Varela-Mojena breached his aforesaid duty to Plaintiff in one or more of the following respects:

      A.    Negligently and carelessly failed to maintain the commercial motor vehicle he was operating in his own lane of traffic; and/or

B.    Negligently and carelessly drove his commercial motor vehicle onto the shoulder at night without the intention of stopping or accelerating from a stop to merge into traffic in violation of 625 ILCS 5/11-709.1(a); and/or

C.    Negligently and carelessly failed to keep a proper lookout for other traffic; and/or

D.    Negligently and carelessly drove a route with distances and time restrictions which resulted in operating his commercial motor vehicle in violation of the FMCSR; and/or

E.    Negligently and carelessly operated his commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

F.    Negligently and carelessly operated his commercial motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

G.    Negligently and carelessly failed or refused to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

H.    Was negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 379 *et seq.*; and/or

I.    Negligently operated the commercial motor vehicle at an excessive speed under the conditions; and/or

J.    Negligently failed to reduce speed to avoid an accident; and/or

K.    Negligently operated a commercial motor vehicle on an interstate while being distracted and/or excessively tired or fatigued.

41.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions on December 7, 2017, the Defendant Varela-Mojena's commercial motor vehicle collided with Plaintiff Montgomery's commercial motor vehicle which caused, and will in the future cause Plaintiff: severe, numerous, and permanent personal injuries and pain and suffering as a result of multiple injuries to his body, including but not limited to amputation of Plaintiff's leg; loss of Plaintiff's normal life and/or disability; to obtain past and future medical, caretaking, and other

health care to treat his injuries and thereby become indebted for same; permanent disfigurement; past and future loss of income, wages, and benefits he would have otherwise received; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Shawn Montgomery requests that judgment be entered against the Defendant Yosniel Varela-Mojena on Count III of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and Plaintiff's costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT IV**
**(VICARIOUS LIABILITY NEGLIGENCE OF C.H. ROBINSON DEFENDANTS)**

42.    Plaintiff restates and re-alleges paragraphs 1 through 24 of this Complaint as if specifically stated herein.

43.    The allegations contained in this count are made in the alternative to the allegations made in Counts VII and VIII of this Complaint.

44.    For the fiscal year 2017, the C.H. Robinson Defendants filed a Form 10-K with the United States Securities and Exchange Commission describing their business as:

> "We provide freight transportation services and logistics solutions to companies of all sizes, in a wide variety of industries. * * * We have developed global transportation and distributions networks to provide transportation and supply chain services worldwide. * * * As a third-party logistics provider, we enter into contractual relationships with a wide variety of transportation companies, and utilize those relationships to efficiently and cost-effectively arrange the transport of our customers' freight. We utilize approximately 73,000 contracted transportation companies, including motor carriers, railroads (primarily intermodal service providers), and air and ocean carriers in 2017. Depending on the needs of our customer and their supply chain requirements, we select and hire the appropriate transportation for each shipment."

45.    On or about November 28, 2016, the C.H. Robinson Defendants entered into a carrier agreement "for itself and on behalf of its affiliated companies and divisions which are also

parties to [the] Contract" with Defendant Caribe II and began providing loads to be hauled by Caribe II's commercial motor vehicles.

46.    The C.H. Robinson Defendants' carrier agreement with Caribe II placed safety requirements on Caribe II to ensure that the commercial motor vehicle drivers it used were properly trained and licensed, were competent and capable of safely handling and transporting C.H. Robinson Defendants' shipments, and that the drivers would be dispatched in accordance with the maximum available hours of service rules promulgated by the FMCSA while operating in the United States. The C.H. Robinson Defendants also required that Caribe II maintain their equipment for use in handling the C.H. Robinson Defendants' loads in good operating condition and repair and in compliance with all applicable federal, state, provincial, territorial, municipal and/or regulations so that it was suitable and properly configured to safely load, transport, and unload the shipments tendered by the C.H. Robinson Defendants.

47.    Despite the C.H. Robinson Defendants' recognition of the foregoing safety requirements needed to move the shipments C.H. Robinson tendered to Caribe II in a reasonably safe manner on the highways of the United States, upon information and belief, the C.H. Robinson Defendants did nothing to determine if any of the foregoing was true for the drivers or equipment utilized by Caribe II nor did the C.H. Robinson Defendants monitor or check compliance with these contractual safety requirements placed on Caribe II, at any time before the December 7, 2017 crash.

48.    On or before December 6, 2017, the C.H. Robinson Defendants entered into the "C.H. Robinson Contract Addendum and Carrier Load Confirmation - #251450919" with Defendant Caribe II to move a load from Ohio to Arkansas and Texas.

49.    On December 7, 2017, the C.H. Robinson Defendants' carrier agreement and "Contract Addendum and Carrier Load Confirmation" were in effect, and the load being hauled by Varela-Mojena at the time of his crash with Plaintiff's vehicle was subject to the agreement and addendum.

50.    The "C.H. Robinson Contract Addendum and Carrier Load Confirmation" provided that: the equipment used by Caribe II was "dedicated to [C.H. Robinson's] exclusive use'; C. H. Robinson could forfeit Caribe II's right to be paid for its services if said equipment was not used exclusively for C.H. Robinson; Caribe II was required to check-in and maintain regular contact with the C.H. Robinson Defendants on specific dates and at specific times using equipment and means approved by the C.H. Robinson Defendants; Caribe II was required to make on-time pickups and deliveries as designated and directed by C.H. Robinson; and, C.H. Robinson could reduce the amounts of money it paid to Caribe II if the terms, conditions, and requirements of the agreement were not met.

51.    On December 7, 2017, Defendant Varela-Mojena was operating a commercial motor vehicle in furtherance of a common interest and/or at the direction and under the control, or right of control, of the C.H. Robinson Defendants as their agent, employee, and or/servant.

52.    At all times relevant herein, the C.H. Robinson Defendants, through their agent, employee, and/or servant Defendant Varela-Mojena, owed a duty to Plaintiff and others upon the roadways to act in a reasonably careful manner and to prevent foreseeable crashes so as to not injure or damage the persons or property of Plaintiff and others.

53.    On December 7, 2017 and prior thereto, the C.H. Robinson Defendants, through their agents, employees, and/or servants, breached their aforesaid duty to Plaintiff in one or more of the following respects:

A.    Negligently and carelessly failed to maintain the commercial motor vehicle in its own lane of traffic; and/or

B.    Negligently and carelessly drove its commercial motor vehicle onto the shoulder at night without the intention of stopping or accelerating from a stop to merge into traffic in violation of 625 ILCS 5/11-709.1(a); and/or

C.    Negligently and carelessly failed to keep a proper lookout for other traffic; and/or

D.    Negligently and carelessly drove a route with distances and time restrictions which resulted in operating the commercial motor vehicle in violation of the FMCSR; and/or

E.    Negligently and carelessly operated the commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

F.    Negligently and carelessly failed to monitor Defendant Yosniel Varela-Mojena on hours of service violations;

G.    Negligently and carelessly operated the commercial motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

H.    Negligently and carelessly failed or refused to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

I.    Was negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 379 *et seq.*; and/or

J.    Negligently operated the commercial motor vehicle at an excessive speed; and/or

K.    Negligently failed to reduce speed to avoid an accident; and/or

L.    Negligently operated a commercial motor vehicle on an interstate while being distracted and/or excessively tired or fatigued.

54.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the agents or employees of the C.H. Robinson Defendants, the commercial motor vehicle operated by Defendant Varela-Mojena collided with Plaintiff Shawn Montgomery's commercial motor vehicle which caused, and will in the future cause Plaintiff: severe, numerous,

and permanent personal injuries and pain and suffering as a result of multiple injuries to his body, including but not limited to amputation of Plaintiff's leg; loss of Plaintiff's normal life and/or disability; to obtain past and future medical, caretaking, and other health care to treat his injuries and thereby become indebted for same; permanent disfigurement; past and future loss of income, wages, and benefits he would have otherwise received; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Shawn Montgomery requests that judgment be entered against the Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company, Inc., and C.H. Robinson International, Inc. on Count IV of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus Plaintiff's costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT V**
**(C.H. ROBINSON DEFENDANTS' NEGLIGENT HIRING OF CARIBE TRANSPORT II, LLC)**

55.     Plaintiff restates and re-alleges paragraphs 1 through 24 and 44 through 50 of this Complaint as if specifically stated herein.

56.     The allegations contained in this count are made in the alternative to the allegations made in Counts VII and VIII of this Complaint.

57.     Upon information and belief, on December 7, 2017 and prior thereto, Defendant Caribe II had a "conditional" safety rating from the Federal Motor Carrier Safety Administration (FMCSA) which agency determined Caribe II to have an operation "found to be deficient with respect to qualification of drivers; financial responsibility; hours of service of drivers; general

regulations; inspection, repair and maintenance; commercial driver's license; inspection out of service rate; and, recordable crash rate".

58.     Upon information and belief, at all times relevant herein, Defendant Caribe II had out-of-service rates twice the national average for both its drivers and its vehicles.

59.     On and before December 7, 2017, and at all times relevant herein, the C.H. Robinson Defendants knew, or reasonably should have known, that Caribe II had a "conditional" safety rating and was unfit for the important responsibility of transporting goods on the interstate highways and that Caribe II would create a foreseeable danger to others if it transported goods on said highways.

60.     On and before December 7, 2017, the C.H. Robinson Defendants knew, or reasonably should have known, that Caribe II was not a reasonably safe motor carrier and that permitting, allowing or requiring Caribe II to transport goods on the highways in commercial motor vehicles weighing in excess of 60,000 pounds operating at highway speeds was reasonably likely to result in crashes and severe injury or death to others on the highways.

61.     Upon information and belief, the C.H. Robinson Defendants hired Caribe II in violation of the C.H. Robinson Defendants' own policies regarding carriers who had received a "conditional" rating from the FMCSA.

62.     On and before December 7, 2017, and at all times relevant, the C.H. Robinson Defendants had a duty to ensure that interstate carriers such as Caribe II, which were hired to haul loads for C.H. Robinson Defendants, would not create an unreasonable risk of injury to others on the highways and roadways.

63.     On and before December 7, 2017, and at all times relevant, the C.H. Robinson Defendants owed a duty of reasonable care to Plaintiff and other members of the driving public in selecting and hiring safe interstate motor carriers to haul its loads of cargo in interstate commerce.

64.     On and before December 7, 2017, the C.H. Robinson Defendants negligently and carelessly breached their aforesaid duties in one or more of the following respects:

A.     Retained a motor carrier that was unfit to operate a commercial vehicle in a reasonably safe fashion; and/or

B.     Did not monitor, check, or investigate Caribe II's hours of service violations when Defendants knew or should have known these hours of service violations were readily available to review; and/or

C.     Hired Caribe II as a motor carrier to haul a load of cargo on the interstate highways when it knew, or in the exercise of reasonable care should have known, that Caribe II was not a reasonably safe motor carrier; and/or

D.     Did not request or review a "Company Safety Profile" report for Caribe II maintained in the Motor Carrier Management Information System (MCMIS), which contained data reported to the FMCSA and was readily available and clearly indicated that Caribe II was an unsafe safe motor carrier; and/or

E.     Did not request that Caribe II provide their driver qualification files for any driver, including Varela-Mojena, before selecting them as a motor carrier for the subject load of cargo, when it knew, or should have known, that such driver qualification files were required to be maintained by Caribe II by law; and/or

F.     Did not request that Caribe II provide any company safety manual or driving manual, or ascertain whether Caribe II had adequate safety controls before providing them the subject load of cargo; and/or

G.     Did not enforce or monitor their own contractual safety requirements on driver training, licensure, competency, or hours of service regulations; and/or

H.     Did not enforce or monitor their own contractual safety requirements on the equipment used to transport their loads; and/or

I.     Failed to follow its own safety policies or procedures with regard to hiring motor carriers with a "conditional" safety rating.

Case No. _____

65.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, on December 7, 2017, the vehicle operated by Defendant Varela-Mojena collided with Plaintiff Shawn Montgomery's commercial motor vehicle which caused, and will in the future cause Plaintiff: severe, numerous, and permanent personal injuries and pain and suffering as a result of multiple injuries to his body, including but not limited to amputation of Plaintiff's leg; loss of Plaintiff's normal life and/or disability; to obtain past and future medical, caretaking, and other health care to treat his injuries and thereby become indebted for same; permanent disfigurement; past and future loss of income, wages, and benefits he would have otherwise received; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Shawn Montgomery requests that judgment be entered against Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company, Inc., and C.H. Robinson International, Inc. on Count V of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus Plaintiff's costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT VI**
**(C.H. ROBINSON DEFENDANTS' NEGLIGENT HIRING OF VARELA-MOJENA)**

66.     Plaintiff restates and re-alleges paragraphs 1 through 24 and 44 through 50 of this Complaint as if specifically stated herein.

67.     The allegations contained in this count are made in the alternative to the allegations made in Counts VII and VIII of this Complaint.

68.　　Pursuant to the aforesaid carrier agreement, on or about December 6, 2017, the C.H. Robinson Defendants provided a load to Varela-Mojena to be hauled in a commercial motor vehicle from Ohio to Arkansas and Texas.

69.　　On and before December 6, 2017, and at all times relevant herein, the C.H. Robinson Defendants had a duty to ensure that drivers hired to haul loads for C.H. Robinson would not create an unreasonable risk of injury to others.

70.　　On and before December 6, 2017, and at all times relevant, the C.H. Robinson Defendants owed a duty of reasonable care to Plaintiff, pedestrians, and other members of the driving public in selecting and hiring commercial drivers to haul their loads of cargo in interstate commerce.

71.　　At all times relevant herein, the C.H. Robinson Defendants and Varela-Mojena had a duty to Plaintiff, pedestrians, and other members of the driving public to comply with the FMCSA and the FMCSRs in all respects.

72.　　On and before December 6, 2017, and at all times relevant, the C.H. Robinson Defendants knew, or reasonably should have known, that, based upon his safety record and other factors, Varela-Mojena was unfit for the job of transporting goods on an interstate basis as a commercial driver and would create a foreseeable danger to others.

73.　　On December 7, 2017 and prior thereto, the C.H. Robinson Defendants breached their aforesaid duties in one or more of the following respects:

　　　　A.　　Hired Varela-Mojena to haul a load of cargo when they knew, or in the exercise of reasonable care should have known, that he was unfit to operate a commercial motor vehicle in a reasonably safe fashion; and/or

　　　　B.　　Did not properly supervise the driving of Varela-Mojena; and/or

C.    Did not monitor, evaluate, or check Varela-Mojena's driving record and hours of service violations when Defendants knew or should have known these hours of service violations were available to review; and/or

D.    Did not request that anyone provide driver qualification files for Varela-Mojena before hiring him for the subject load of cargo, when Defendants knew or should have known such driver qualification files were required to be maintained by law; and/or

E.    Did not request any driver training, background check, log books, or safety information for Varela-Mojena before hiring him to haul the subject load of cargo, when Defendants knew or should have known that said material was necessary to determine if Varela-Mojena was a reasonably safe commercial vehicle operator; and/or

F.    Did not enforce or monitor Defendants own contractual safety requirements on driver training, licensure, competency, or hours of service regulations.

74.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, on December 7, 2017, the vehicle operated by Defendant Varela-Mojena collided with Plaintiff Shawn Montgomery's commercial motor vehicle which caused, and will in the future cause Plaintiff: severe, numerous, and permanent personal injuries and pain and suffering as a result of multiple injuries to his body, including but not limited to amputation of Plaintiff's leg; loss of Plaintiff's normal life and/or disability; to obtain past and future medical, caretaking, and other health care to treat his injuries and thereby become indebted for same; permanent disfigurement; past and future loss of income, wages, and benefits he would have otherwise received; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Shawn Montgomery requests that judgment be entered against the Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company, Inc., and C.H. Robinson International, Inc. on Count VI of this Complaint in a fair and

reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus Plaintiff's costs of suit.

## **PLAINTIFF DEMANDS TRIAL BY JURY**

## **COUNT VII**
## **(NEGLIGENCE OF CARIBE I)**

75.    Plaintiff re-states and re-alleges paragraphs 1 through 24 of this Complaint as if specifically stated herein.

76.    The allegations contained in this Count are in the alternative to the allegations contained in Counts I, II, IV, V, and VI of this Complaint.

77.    Upon information and belief, Defendant Varela-Mojena may have been an agent or employee of Defendant Caribe I when he was driving his commercial motor vehicle on December 7, 2017.

78.    At all times relevant herein, the Defendant Caribe I owed a duty to Plaintiff and others upon the roadways to act in a reasonably careful manner and to prevent foreseeable crashes so as to not injure or damage the persons or property of Plaintiff and others.

79.    On December 7, 2017 and prior thereto, Defendant Caribe I breached its aforesaid duty to Plaintiff in one or more of the following respects:

A.    Negligently and carelessly failed to properly supervise Varela-Mojena; and/or

B.    Negligently and carelessly required Varela-Mojena to drive a route with distances and time restrictions which resulted in Varela-Mojena operating the commercial motor vehicle in violation of the FMCSR; and/or

C.    Negligently and carelessly coerced Varela-Mojena to operate the commercial motor vehicle in violation of the FMCSR in violation of 49 CFR 390.6(a) and (b); and/or

D.    Negligently and carelessly permitted, allowed, coerced or forced Varela-Mojena to operate the commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

E.    Negligently and carelessly required or permitted Varela-Mojena to operate the commercial motor vehicle while his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

F.    Negligently and carelessly failed or refused to require Varela-Mojena to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

G.    Was negligent *per se* in failing to follow and comply with the provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 379 *et seq*; and/or

H.    By and through its agent or employee Varela-Mojena, it negligently and carelessly failed to maintain the commercial motor vehicle in its own lane of traffic; and/or

I.    By and through its agent or employee Varela-Mojena, it negligently and carelessly drove its commercial motor vehicle onto the shoulder without the intention of stopping or accelerating from a stop to merge into traffic in violation of 625 ILCS 5/11-709.1; and/or

J.    By and through its agent or employee Varela-Mojena, it negligently and carelessly failed to keep a proper lookout for other vehicles; and/or

K.    By and through its agent or employee Varela-Mojena, it operated Defendant's commercial motor vehicle at an excessive speed considering the conditions; and/or

L.    By and through its agent or employee Varela-Mojena, it failed to reduce speed to avoid colliding with another vehicle; and/or

M.    By and through its agent or employee Varela-Mojena, it operated a commercial motor vehicle on an interstate while being distracted and/or excessively tired or fatigued.

80.    As a direct and proximate result of one or more of the foregoing negligent acts or

omissions, on December 7, 2017, the commercial motor vehicle operated by Defendant Varela-

Mojena collided with Plaintiff Montgomery's commercial motor vehicle which caused, and will in

the future cause Plaintiff: severe, numerous, and permanent personal injuries and pain and suffering as a result of multiple injuries to his body, including but not limited to, amputation of Plaintiff's leg; loss of Plaintiff's normal life and/or disability; to obtain past and future medical, caretaking, and other health care to treat his injuries and thereby become indebted for same; permanent disfigurement; past and future loss of income, wages, and benefits Plaintiff would have otherwise received; and, has in the past, and will in the future, suffer additional damages all in a sum in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Shawn Montgomery respectfully requests that judgment be entered against Defendant Caribe Transport, LLC on Count VII of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus Plaintiff's costs of suit.

## PLAINTIFF DEMANDS TRIAL BY JURY

## COUNT VIII
## (WILLFUL AND WANTON CONDUCT OF CARIBE I)

81.     Plaintiff restates and re-alleges paragraphs 1 through 24 of this Complaint as if specifically re-stated herein.

82.     The allegations contained in this Count are in the alternative to the allegations contained in Counts I, II, IV, V, and VI of this Complaint.

83.     At all times relevant herein, as an "interstate motor carrier" under the jurisdiction of the Federal Motor Carrier Safety Regulations (FMCSR), 49 CFR 379 *et. seq.*, when operating commercial motor vehicles, Defendant Caribe I was required to comply with said regulations so as to not endanger pedestrians and members of the driving public, including but not limited to Plaintiff Shawn Montgomery.

84.     At all times relevant herein, on December 7, 2017 and prior thereto, Caribe I, by and through its management, knew that it had entrusted to Varela-Mojena's control a commercial motor vehicle on the public roadways which operated at high speeds and weighed in excess of 60,000 pounds.

85.     At all times relevant herein, on December 7, 2017 and prior thereto, Defendant Caribe I, by and through its management, knew that the failure or refusal of its management, agents or employees to comply with the FMCSRs and Illinois Administrative Code could cause and result in great bodily harm or death to pedestrians and members of the driving public, including but not limited to, Plaintiff Montgomery.

86.     On December 7, 2017 and on many occasions prior thereto, Defendant Caribe I, by and through its management, acted with willful, wanton, conscious, and/or reckless disregard for the safety of Plaintiff and other members of the driving public in one or more of the following ways:

A.     Consciously, willfully or recklessly permitted or caused Varela-Mojena to operate Caribe I's commercial motor vehicle on the roadways despite knowing his ability or alertness was so impaired, or so likely to be impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 CFR 392.3; and/or

B.     Consciously, willfully or recklessly hired and retained Varela-Mojena as the operator of Caribe I's commercial motor vehicles despite not having adequately and properly investigated, and subsequently and timely reassessed, Varela-Mojena's background, driving history, qualifications, and medical ability to drive in violation of 49 CFR 391 *et seq.*; and/or

C.     Consciously, willfully or recklessly retained Varela-Mojena as an employee and commercial motor vehicle operator despite Varela-Mojena having been involved in previous motor vehicle crashes and/or received motor vehicle citations; and/or

D.     Consciously, willfully or recklessly required Varela-Mojena to drive Caribe I's commercial motor vehicle on a route with distances and time restrictions which resulted in Varela-Mojena operating the commercial motor vehicle in violation of the FMCSR; and/or

E.  Consciously, willfully or recklessly failed or refused to train Varela-Mojena in the proper and safe operation of its commercial motor vehicles on the roadways; and/or

F.  Consciously, willfully or recklessly coerced Varela-Mojena to operate Caribe I's commercial motor vehicle in violation of the FMCSR in violation of 49 CFR 390.6(a) and (b); and/or

G.  Consciously, willfully or recklessly permitted, allowed, coerced or forced Varela-Mojena to operate Caribe I's commercial motor vehicle in excess of the maximum hours of service allowed under the FMCSR; and/or

H.  Consciously, willfully or recklessly failed or refused to require Varela-Mojena to observe the duties or prohibitions set out in the FMCSR in violation of 49 CFR 390.11; and/or

I.  Consciously, willfully or recklessly authorized or directed the manner in which Varela-Mojena operated Caribe I's commercial motor vehicle in the manner which caused  injury to Montgomery; and/or

J.  Consciously, willfully or recklessly aided, abetted, encouraged or required its employees to violate the FMCSR in violation of 49 CFR 390.13.

87.   In one or more of the foregoing ways, Defendant Caribe I, on December 7, 2017,  by and through its management and supervisors, acted in willful, wanton, reckless and/or conscious disregard for the safety of the driving public thereby causing severe and permanent injury to Plaintiff Montgomery on December 7, 2017 which thereby requires the imposition of compensatory and punitive or exemplary damages against Defendant Caribe I in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) to compensate Plaintiff and to punish Defendant Caribe I and discourage Defendant and others from future wrongful conduct.

WHEREFORE, Plaintiff Shawn Montgomery respectfully requests that a judgment be entered against Defendant Caribe Transport, LLC on Count VIII of this Complaint for compensatory damages and punitive and exemplary damages in an amount sufficient to punish and deter Defendant Caribe Transport, LLC and others from like and similar conduct, plus Plaintiff's costs of suit.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**


BROWN & CROUPPEN, P.C.


BY:    <u>/s/ Alan G. Pirtle</u>
        Alan G. Pirtle, #6208141
        Eli G. Roberts, #6313837
        One Metropolitan Square
        211 North Broadway, Suite 1600
        St. Louis, Missouri  63102
        (314) 561-6205
        (314) 754-9602 (fax)
        AlanP@getbc.com
        EliR@getbc.com
        pipleadings@getbc.com
        ATTORNEYS FOR PLAINTIFF