IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1300-SMY |
| | ) |
| CARIBE TRANSPORT II, LLC, | ) |
| YOSNIEL VARELA-MOJENA, C.H. | ) |
| ROBINSON WORLDWIDE, INC., C.H. | ) |
| ROBINSON COMPANY, C.H. | ) |
| ROBINSON COMPANY, INC., C.H. | ) |
| ROBINSON INTERNATIONAL, INC., | ) |
| CARIBE TRANSPORT, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company, Inc., and C.H. Robinson International, Inc.'s (collectively "Robinson") Motion to Dismiss Counts IV, V and VI of Plaintiff's Complaint (Doc. 25). Plaintiff filed a response in opposition (Doc. 43). For the following reasons, the Motion is **DENIED**.

### Background

Plaintiff Shawn Montgomery alleges the following: On December 7, 2017, Plaintiff was severely injured in a collision between his 2015 Mack Truck and a 1995 Freightliner tractor/trailer driven by Defendant Yosniel Varela-Mojena on Highway 70 in Cumberland County, Illinois. Varela-Mojena's tractor was owned by his employer, Defendant Caribe Transport II, LLC ("Caribe II") and the trailer was leased by Caribe Transport, LLC ("Caribe I"). Both Caribe I and Caribe II are motor carriers. The load hauled by Varela-Mojena was being transported from Ohio to Arkansas and Texas pursuant to a motor carrier agreement between Caribe II and Robinson,

interstate motor carrier brokers.

In Count IV, Plaintiff alleges that Robinson failed to ensure that Caribe II operated under applicable contractual safety standards and is therefore vicariously liable for Varela-Mojena's negligence (driving while fatigued/distracted, failing to keep a proper lookout, and violations of state and federal law).[1]  He alleges in Count V that Robinson negligently hired Caribe II when it knew or should have known that Caribe II had only a "'conditional' safety rating and was unfit for the important responsibility of transporting goods on the interstate highways . . . ." (Complaint, ¶ 59).  And Count VI, Plaintiff alleges that Robinson negligently hired Varela-Mojena by failing to ensure that he was fit to drive a commercial vehicle, failing to monitor his driving record or qualifications, and/or failing to require that he was trained.

Robinson argues that these state law claims are expressly preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1) and that Count IV fails to state a claim.  In response, Plaintiff argues that his claims are subject to the "public safety exception" to the FAAAA.  *See* 49 U.S.C. § 14501(c)(2)(A).

## Discussion

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 6.86, 699 (7th Cir. 2008).  This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative

---

[1] Counts I, II, and III assert negligence and willful and wanton claims against Caribe II and Varela-Mojena.  Counts VII and VIII assert negligence and willful and wanton claims against Caribe I.

level.  *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2]

The FAAAA expressly preempts certain state laws: "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."  49 U.S.C. § 14501(c)(1); *Nationwide Freight Systems, Inc. v. Illinois Commerce Com'n*, 784 F.3d 367, 373 (7th Cir 2015) ("Congress enacted the FAAAA's preemption provision in 1994 with the aim of eliminating the patchwork of state regulation of motor carriers that persisted fourteen years after it had first attempted to deregulate the trucking industry.").  That said, the Act "shall not restrict the safety regulatory authority of a State with respect to motor vehicles. . . ."  49 U.S.C. § 14501(c)(2)(A); *City of Columbus v. Our Garage and Wrecker Service, Inc.*, 536 U.S. 424, 439 (2002) ("Congress' clear purpose in §14501(c)(2)(A) is to ensure that its preemption of States' economic authority over motor carriers of property, §14501(c)(1), not restrict the preexisting and traditional state police power over safety." (quotation marks omitted)).

There are two requirements for preemption: "First, a state must have enacted or attempted to enforce a law.  Second, that law must relate to carrier rates, routes, or services either by expressly

---

[2] The parties do not discuss whether preemption, which is an affirmative defense, should be raised in a Rule 12(c) motion for judgment on the pleadings rather than a Rule 12(b)(6) motion for failure to state a claim.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 561-2 (7th Cir. 2010).  In any event, Rule 12(c) and 12(b)(6) motions are reviewed under the same standard.  *Adams v. City of Indianapolis*, 742 F.3d 720, 727-7 (7th Cir. 2014).

referring to them, or by having a significant economic effect on them." *Id*. Here, Robinson does not cite *Nationwide Freight Systems* but argues that common law claims count as "an other provision having the force and effect of law." *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 607 (7th Cir. 2000) (considering similar language in the Airline Deregulation Act of 1978) (quotation marks omitted). Robinson further argues that imposing negligence liability compels it to "undertake certain services and investigations" and thereby incur additional costs and expenses (Doc. 26, pp. 12-13). *See Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370-1 (2008) (holding in part that preemption under the FAAAA may occur when the state law has only an indirect effect on rates, routes, or services).

While the Seventh Circuit has not addressed whether state law negligence claims such as Plaintiff's claim herein are preempted by the FAAAA, this district court is not the first to address whether the FAAAA preempts claims of negligence by brokers in selecting and retaining motor carriers and their employees. And in this regard, district courts that have addressed this issue are divided. *See Scott v. Milosevic*, 372 F.Supp.3d 758, 769 (N.D. Iowa 2019) (finding no FAAAA preemption because negligent hiring claims are not sufficiently related to the services of a broker); *ASARCO LLC v. England Logistics Inc.*, 71 F.Supp.3d 990 (D. Ariz. 2014) (finding FAAAA preempts negligence claims against a broker); *See also*, *Gillum v. High Standard, LLC*, 2020 WL 444371 (W.D. Tex. 2020) (collecting cases).[3]

The Ninth Circuit Court of Appeals recently addressed preemption under a similar set of circumstances and concluded that while negligence claims related to a motor vehicle accident are

---

[3] The Robinson entities are no strangers to the issues raised. *See Gilley v. C.H. Robinson*, 2021 WL 3824686 (S.D. W.Va. 2021) (finding no express preemption on claims of vicarious liability and negligent hiring); *Skowron v. C.H. Robinson Company*, 480 F.Supp.3d 316 (D. Mass. 2020) (finding preemption but noting a safety exception on a negligent hiring claim); *Mann v. C.H. Robinson Worldwide, Inc.*, 2017 WL 3191516 (W.D. Va. 2017 (finding no preemption in a negligent hiring case).

within the meaning of the preemption provision of the FAAAA, the safety exception applies and permits negligence claims to stand. *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020). Significantly, in *Miller*, the plaintiff alleged that C.H. Robinson Worldwide, Inc., a freight broker, negligently hired an unsafe motor carrier that caused an accident resulting in severe injuries. *Id*. 976 F.3d at 1020. The Court noted that the selection of a motor carrier is a core function of a broker and that state negligence laws, while not specifically dictating behavior, "[impose] an obligation on brokers at the point at which they arrange for transportation by [a] motor carrier." *Id*. at 1024-5. The Court went on to hold, however, that the safety exception applies because a states' power "plainly includes the ability to regulate safety through common-law tort claims." *Id*. at 1026. The undersigned finds the *Miller* Court's analysis persuasive… particularly given *Our Garage's* finding that Congress intended the FAAAA to regulate economic activity and not safety. *Id*. 536 U.S. at 439.

The selection of motor carriers is a core service of a broker, and brokers may be required to use ordinary care to vet motor carriers and their drivers. That may in turn result in increased costs. At the same time, Illinois has an interest in regulating the safety of drivers on the road, including trucks, and its negligence laws serve that function by permitting these types of tort actions to proceed. As noted by the Ninth Circuit, there is "nothing in the FAAAA's legislative history that suggests that Congress intended to eliminate this important component of the States' power over safety." *Miller*, 976 F.3d at 1026. *See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 895 (7th Cir. 2013).[4]

## Conclusion

For the foregoing reasons, the Robinson Defendant's Motion to Dismiss Counts IV, V and

---

[4] Robinson also argues that Plaintiff failed to allege sufficient facts to support a vicarious liability claim in Count IV. Because Rule 8 only requires notice pleading, the argument fails.

VI of Plaintiff's Complaint is **DENIED** (Doc. 25).

    **IT IS SO ORDERED.**

    **DATED:  September 9, 2021**

                                              **STACI M. YANDLE**
                                              **United States District Judge**