IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1300-SMY |
| | ) |
| CARIBE TRANSPORT II, LLC, | ) |
| YOSNIEL VARELA-MOJENA, C.H. | ) |
| ROBINSON WORLDWIDE, INC., C.H. | ) |
| ROBINSON COMPANY, C.H. | ) |
| ROBINSON COMPANY, INC., C.H. | ) |
| ROBINSON INTERNATIONAL, INC., | ) |
| CARIBE TRANSPORT, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendants Caribe Transport II, LLC and Caribe Transport, LLC's Motion to Dismiss Counts II and VIII of Plaintiff's Complaint (Doc. 39). Plaintiff Shawn Montgomery filed a response in opposition (Doc. 48). For the following reasons, the Motion is **DENIED**.

### Background

Montgomery alleges the following: On December 7, 2017, he was severely injured in a collision between his 2015 Mack Truck and a 1995 Freightliner tractor/trailer driven by Defendant Yosniel Varela-Mojena on Highway 70 in Cumberland County, Illinois. Varela-Mojena's tractor was owned by his employer, Defendant Caribe Transport II, LLC ("Caribe II") and the trailer was leased by Caribe Transport, LLC ("Caribe I"). He was transporting goods brokered by Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company, Inc., and C.H. Robinson International, Inc.'s (collectively "Robinson") from Ohio to Arkansas and Texas

pursuant to a motor carrier agreement between Caribe II and Robinson.

Montgomery asserts a variety of negligence and willful and wanton claims. As is relevant to the pending motion, he alleges in Counts II and VIII (which are pled in the alternative) that Caribe II and Caribe I, respectively, engaged in willful and wanton conduct. Specifically, he claims that "through [their] management, acted with willful, wanton, conscious, and/or reckless disregard for the safety of Plaintiff and other members of the driving public in one or more [] ways" including, permitting Varela-Mojena to drive impaired, failing to adequately investigate and assess his background and qualifications, requiring and encouraging him to drive in violation of rules and regulations, failing to train him in the safe operation of the truck, and compelling him to drive in an unsafe manner (Doc. 1, ¶¶ 36 and 86).

## Discussion

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 6.86, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In Illinois, willful and wanton conduct is a form of "aggravated negligence" and is not a separate tort. *Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 887 (Ill. 2012). It can be pled along a scale with a heightened degree of ordinary negligence on one end and intentional tortious misconduct on the other. *Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 406 (Ill. 1994).

Defendants argue that Counts II and VIII should be dismissed because "they seek punitive damages despite lacking evidentiary support in the record at this time", the standard of demonstrating willful and wanton conduct is "quite high", and Plaintiff is "required to plead facts that brings the alleged conduct within the scope of willful and wanton, and cannot merely label the conduct as willful and wanton" (Doc. 40, ¶¶ 3, 12, 14). Defendants rely on several Illinois state cases outlining pleading standards. But Illinois fact pleading rules do not govern complaints in federal court. *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997).

Far from merely labeling, Plaintiff's Complaint specifically alleges that Defendants engaged in willful and wanton conduct by flouting and encouraging its employee to ignore safety standards and regulations, by failing to adequately train its employee, and by recklessly employing someone with a history of motor vehicle crashes and citations, among other things. Thus, Plaintiff has alleged sufficient facts to place Defendant on notice of the claims against it. At this stage of the litigation, Plaintiff is not required to present his evidentiary support nor is he required to meet the high burden of establishing willful and wanton conduct. Additionally, Defendants' reliance on *Spinka v. E.H.*, 2015 WL 1433292 (S.D. Ill. 2015) is misplaced; that case involved the failure to allege a duty as to a local governmental entity and consistent with Illinois' Tort Immunity Act, neither of which is relevant here.

Finally, Defendants assert that Plaintiff's willful and wanton claims and prayer for punitive

damages are not based on a good faith belief or on an inquiry reasonable under the circumstances. If Defendants actually believe that Plaintiff has violated Rule 11, they may seek a remedy pursuant to Rule 11(c)(2) by presenting and then filing a separate motion, if necessary.

## Conclusion

For the foregoing reason, Defendants Caribe II and Caribe I's Motion to Dismiss Counts II and VIII of Plaintiff's Complaint is **DENIED** (Doc. 39).

**IT IS SO ORDERED.**

**DATED:** September 9, 2021

**STACI M. YANDLE**
**United States District Judge**