IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1300-SMY |
| | ) |
| CARIBE TRANSPORT II, LLC, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter initially came before the Court on the Motion for Judgment on the Pleadings pursuant to Rule 12(c) by Defendants C.H. Robinson Company, C.H. Robinson Company, Inc., C.H. Robinson International, Inc. and C.H. Robinson Worldwide, Inc. ("Robinson Defendants") (Doc. 121). While the Motion for Judgment on the Pleadings was pending, the parties filed uncontested motions for entry of (partial) judgment under Rule 54(b) (Docs. 150, 151) and a joint motion to stay or continue the trial set for January 2024 (Doc. 152).

### Background

Plaintiff Shawn Montgomery sustained serious injuries when he was struck by a tractor and trailer driven by Defendant Varela-Mojena. At that time, the Robinson Defendants were "operating as an interstate motor carrier broker" who provided their "customers with motor carriers for the shipment of goods" (Doc. 1, p. 4 at ¶ 19). The Robinson Defendants had hired Defendant Caribe Transport II, LLC to transport the goods, and Defendant Varela-Mojena worked as a driver for the Caribe Transport.

Plaintiff asserted claims against the Robinson Defendants for negligent hiring of Caribe (Count V) and Varela-Mojena (Count VI). The Robinson Defendants moved to dismiss Plaintiff's negligent hiring claims, arguing they were expressly preempted by the Federal Aviation

Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1) (Doc. 25). This Court denied the motion because at the time, the Seventh Circuit Court of Appeals had not addressed whether state law negligence claims are preempted by the FAAAA, and this Court found persuasive the reasoning of the Ninth Circuit Court of Appeals that they were not (Doc. 58). On July 18, 2023, the Seventh Circuit Court of Appeals took up the issue of whether Illinois common law negligent hiring was preempted by the FAAAA, and clarified that, "The [FAAAA's] express preemption provision . . . bars [negligent hiring] claim and that the Act's safety exception in § 14501(c)(2)(A) does not save the claim." *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 456 (7th Cir. 2023).

On November 3, 2023, the Court granted the Robinson Defendants motion for summary judgment with respect to Plaintiff's vicarious liability claim (Count IV) – the only remaining claim against them (Doc. 140). On January 8, 2024, the U.S. Supreme Court denied the petition for writ of *certiorari*, making *Ye* the settled law of this Circuit (Doc. 156-1).

### Discussion

### Motion for Judgment on the Pleadings (Doc. 121)

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The pleadings for purposes of a Rule 12(c) motion include the complaint, the answer, and any written instruments attached to the pleadings as exhibits. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452-53 (7th Cir. 1998). A court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun & Outdoor Shows,* 163 F.3d at 452, quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

Pursuant to the Seventh Circuit's decision in *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023), the FAAAA preempts Plaintiff's negligent hiring claims asserted in Counts V and VI.  (Doc. 121).  Now that the Supreme Court has denied review of the Seventh Circuit's decision, it is evident that the Robinson Defendants are entitled to judgment with respect to those claims.  Accordingly, the Motion for Judgment on the Pleadings pursuant to Rule 12(c) is **GRANTED**; Counts V and VI are **dismissed with prejudice**.

**Motion for Entry of Final Judgment Pursuant to Rule 54(b) (Docs. 150, 151)**

"When a case involves more than one claim, Rule 54(b) allows a federal court to direct entry of a final judgment on 'one or more, but fewer than all, claims,' provided there is no just reason for delay." *Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.,* 917 F.3d 538, 543 (7th Cir. 2019) (quoting Fed. R. Civ. P. 54(b)).  "A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am. v. Clark Mall Corp.,* 644 F.3d 375, 379 (7th Cir. 2011), quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-37 (1956).  A final judgment entered under Rule 54(b) is immediately appealable though the rest of the case remains pending in the district court. *VDF FutureCeuticals, Inc. v. Stiefel Labs., Inc.*, 792 F.3d 842, 845 (7th Cir. 2015).

The Court's grant of summary judgment on the vicarious liability claim was essentially a final judgment.  Moreover, given the fact that Defendants Caribe and Varela-Mojena have tendered their liability insurance policy limits, and Plaintiff's assertion that they are insufficient to satisfy a potential judgment due to the nature and extent of Plaintiff's injuries, the Court finds that good cause exists for entry of partial final judgment, and that there is no reason to delay Plaintiff's appeal of that Order.  Accordingly, the Motions for Entry of Final Judgment Pursuant to Rule 54(b) (Docs.

150, 151) are **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Robinson Defendants and against Plaintiff **but not to close this matter** until further order of the Court.

### Joint Motion to Stay or Continue Trial (Doc. 152)

In light of the Court's ruling on Plaintiff's Motion for Entry of Final Judgment Pursuant to Rule 54(b), the Joint Motion to Stay or Continue Trial (Doc. 152) is **GRANTED**. The current final pretrial conference and trial settings are **VACATED** and all proceedings herein are **STAYED** pending the Seventh Circuit's resolution of Plaintiff's appeal of the aforementioned grant of summary judgment on his vicarious liability claim against the Robinson Defendants. **Plaintiff shall file a report within 60 days as to the status of the appeal and any further developments.** The pending final pretrial motions (Docs. 129, 130, 131) are **TERMINATED as MOOT**, and may be refiled if the case is reset for trial.

**IT IS SO ORDERED.**

**DATED: January 11, 2024**

**STACI M. YANDLE**
**United States District Judge**